**F I L E D**
CLERK, U.S. DISTRICT COURT

03/17/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>SPENCER EVAN AMORDE,<br>   aka "Mr. Queso,"<br>CAMERON JAMES SCANALIATO,<br>   aka "CrazyCam714,"<br>RICHARD DAVID JOHNSON,<br>   aka "RichThaKidd,"<br>RANDY FERNANDO AQUINO,<br>JESUS RAMIRO GOMEZ,<br>   aka "Hunter,"<br>AHMED YEHIA KEICHOUR,<br>FILIBERTO ESCALANTE,<br>   aka "Angel,"<br>ARMANDO CALDERON CASTILLO,<br>EDUARDO DANIEL LOPEZ MORALES,<br>BREANNA LORRAINE DELEON,<br>LEONARDO MISAEL AGUIRRE MORALES,<br>   aka "Leo," and<br>MARCO ANTONIO MENDOZA-RUEDA,<br>   aka "Tony Rueda,"<br><br>              Defendants. | No. SA CR 20-171(A)-JVS<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to<br>Distribute Methamphetamine and<br>Cocaine; 21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii), (b)(1)(C):<br>Possession with Intent to<br>Distribute and Distribution of<br>Methamphetamine and Cocaine; 18<br>U.S.C. § 371: Conspiracy;<br>18 U.S.C § 922(a)(1)(A): Engaging<br>in the Business of Dealing in<br>Firearms Without a License; 18<br>U.S.C. § 922(d): Sale of a<br>Firearm to a Prohibited Person;<br>18 U.S.C. § 922(g)(1): Felon in<br>Possession of Firearms and<br>Ammunition; 26 U.S.C. § 5861(d):<br>Possession of Unregistered<br>Firearms; 18 U.S.C. § 922(g)(5):<br>Illegal Alien in Possession of<br>Ammunition] |

1   The Grand Jury charges:

2        COUNT ONE

3       [21 U.S.C. § 846]

4  [DEFENDANTS AMORDE, SCANALIATO, JOHNSON, AQUINO, GOMEZ, KEICHOUR,

5     ESCALANTE, LOPEZ MORALES, and DELEON]

6 A. OBJECTS OF THE CONSPIRACY

7   Beginning on a date unknown, and continuing to at least on or

8 about March 3, 2021, in Orange County, within the Central District of

9 California, defendants SPENCER EVAN AMORDE, also known as ("aka")

10 "Mr. Queso," CAMERON JAMES SCANALIATO, aka "CrazyCam714," RICHARD

11 DAVID JOHNSON, aka "RichThaKidd," RANDY FERNANDO AQUINO, JESUS RAMIRO

12 GOMEZ, aka "Hunter," AHMED YEHIA KEICHOUR, FILIBERTO ESCALANTE, aka

13 "Angel," EDUARDO DANIEL LOPEZ MORALES, and BREANNA LORRAINE DELEON,

14 conspired with each other and others known and unknown to the Grand

15 Jury to knowingly and intentionally distribute at least 500 grams of

16 a mixture and substance containing a detectable amount of cocaine, a

17 Schedule II narcotic drug controlled substance, in violation of Title

18 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and at

19 least 50 grams of methamphetamine, a Schedule II controlled

20 substance, in violation of Title 21, United States Code, Sections

21 841(a)(1), (b)(1)(A)(viii).

22 B. MANNER AND MEANS OF THE CONSPIRACY

23   The objects of the conspiracy were to be accomplished, in

24 substance, as follows:

25   1. Defendants AMORDE and KEICHOUR would broker cocaine and

26 methamphetamine transactions by introducing the buyer to another

27 broker and the seller.

28

2.    Defendants AMORDE, SCANALIATO, JOHNSON, AQUINO, GOMEZ, KEICHOUR, ESCALANTE, and LOPEZ MORALES would sell cocaine and methamphetamine to the buyer for cash.

C.    <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants AMORDE, SCANALIATO, JOHNSON, AQUINO, GOMEZ, KEICHOUR, ESCALANTE, and LOPEZ MORALES, and others known and unknown to the Grand Jury, committed various overt acts in Orange County, within the Central District of California, including, but not limited to, the following:

**<u>January 17, 2020 Sale of Cocaine</u>**

<u>Overt Act No. 1</u>:    On or about January 17, 2020, defendant AMORDE sold a small amount of cocaine for $50 to a person he believed to be a cocaine customer, who was, in fact, an undercover law enforcement officer ("the UC").

<u>Overt Act No. 2</u>:    On or about January 17, 2020, defendant AMORDE offered to broker a methamphetamine transaction between his friend "Rich" and a confidential informant ("CI-1") who was present at the cocaine sale alleged in Overt Act No. 1.

**<u>January 24, 2020 Sale of Cocaine</u>**

<u>Overt Act No. 3</u>:    Between January 20 and 24, 2020, defendant AMORDE negotiated a cocaine transaction with CI-1.

<u>Overt Act No. 4</u>:    On or about January 23, 2020, defendant AMORDE provided CI-1 with defendant SCANALIATO's contact information.

<u>Overt Act No. 5</u>:    On or about January 24, 2020, defendant AMORDE brokered a cocaine transaction between the UC and defendant SCANALIATO.

Overt Act No. 6:    On or about January 24, 2020, defendant SCANALIATO sold the UC approximately 140.2 grams of cocaine.

**January 29, 2020 Sale of Methamphetamine**

Overt Act No. 7:    On or about January 17, 2020, defendant JOHNSON contacted CI-1 to negotiate a methamphetamine transaction.

Overt Act No. 8:    On or about January 29, 2020, defendant JOHNSON sold the UC approximately 82.1 grams of methamphetamine.

**April 7, 2020 Sale of Cocaine**

Overt Act No. 9:    On or about April 7, 2020, defendant AMORDE brokered a cocaine transaction between CI-1 and defendant SCANALIATO.

Overt Act No. 10:    On or about April 7, 2020, defendant SCANALIATO sold CI-1 approximately 282.1 grams of cocaine.

**April 15, 2020 Sale of Cocaine**

Overt Act No. 11:    On or about April 15, 2020, defendant AMORDE brokered a cocaine transaction between the UC and defendant SCANALIATO.

Overt Act No. 12:    On or about April 15, 2020, defendant SCANALIATO sold the UC approximately 85 grams of cocaine.

**April 30, 2020 Sale of Methamphetamine**

Overt Act No. 13:    On or about April 30, 2020, defendant AMORDE brokered a methamphetamine transaction between the UC and defendant AQUINO.

Overt Act No. 14:    On or about April 30, 2020, defendant AQUINO sold the UC approximately 294.7 grams of methamphetamine.

**May 19, 2020 Sale of Methamphetamine**

Overt Act No. 15:    On or about May 19, 2020, defendant AMORDE brokered a methamphetamine transaction between the UC and defendant AQUINO.

Overt Act No. 16:   On or about May 19, 2020, defendant AQUINO sold the UC approximately 112.6 grams of methamphetamine.

**October 27, 2020 Sale of Methamphetamine**

Overt Act No. 17:   On or about October 27, 2020, defendant AMORDE brokered a methamphetamine transaction between the UC and defendant GOMEZ.

Overt Act No. 18:   On or about October 27, 2020, defendant GOMEZ sold the UC approximately 109.9 grams of methamphetamine.

**November 17, 2020 Sale of Methamphetamine**

Overt Act No. 19:   On or about November 12, 2020, defendant AMORDE introduced defendant KEICHOUR to CI-1 and a second confidential informant ("CI-2") for the purpose of facilitating methamphetamine and firearms transactions.

Overt Act No. 20:   On or about November 17, 2020, defendant KEICHOUR sold CI-2 two firearms and approximately 438 grams of methamphetamine.

**December 8, 2020 Attempted Sale and Seizure of Methamphetamine**

Overt Act No. 21:   On or about December 8, 2020, defendant KEICHOUR attempted to deliver approximately 2,554 grams of methamphetamine and a Glock-type pistol to CI-2.

Overt Act No. 22:   On or about December 8, 2020, defendant KEICHOUR directed defendant DELEON to remove drugs from their house to avoid it being seized by law enforcement.

Overt Act No. 23:   On or about December 8, 2020, defendant DELEON transported approximately 460 grams of a mixture and substance containing cocaine.

**January 19, 2021 Sale of Methamphetamine**

Overt Act No. 24:   Between on or about December 14, 2020 and January 19, 2021, defendant AMORDE brokered a methamphetamine transaction between CI-2 and defendant ESCALANTE.

Overt Act No. 25:   On or about January 19, 2021, defendant ESCALANTE sold CI-2 approximately 65.5 grams of methamphetamine.

**February 2, 2021 Sale of Methamphetamine**

Overt Act No. 26:   Between on or about January 26, 2021 and February 2, 2021, defendant KEICHOUR brokered a methamphetamine transaction between the UC and defendant LOPEZ MORALES.

Overt Act No. 27:   On or about February 2, 2021, defendant LOPEZ MORALES sold the UC approximately 452.2 grams of methamphetamine.

**February 2, 2021 Sale of Methamphetamine**

Overt Act No. 28:   Between on or about February 1, 2021 and February 2, 2021, defendant AMORDE brokered a methamphetamine transaction between the UC and defendant ESCALANTE.

Overt Act No. 29:   On or about February 2, 2021, defendant ESCALANTE sold the UC approximately 426.5 grams of methamphetamine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE AND SCANALIATO]

On or about January 24, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and CAMERON JAMES SCANALIATO, aka "CrazyCam714," each aiding and abetting the other, knowingly and intentionally distributed approximately 140.2 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

                         COUNT THREE

              [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

                       [DEFENDANT JOHNSON]

     On or about January 29, 2020, in Orange County, within the
Central District of California, defendant RICHARD DAVID JOHNSON, aka
"RichThaKidd," knowingly and intentionally distributed at least 50
grams, that is, approximately 82.1 grams, of methamphetamine, a
Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE AND SCANALIATO]

On or about April 7, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and CAMERON JAMES SCANALIATO, aka "CrazyCam714," each aiding and abetting the other, knowingly and intentionally distributed approximately 282.1 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE AND SCANALIATO]

On or about April 15, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and CAMERON JAMES SCANALIATO, aka "CrazyCam714," each aiding and abetting the other, knowingly and intentionally distributed approximately 85 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE AND AQUINO]

On or about April 30, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and RANDY FERNANDO AQUINO, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 294.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT AQUINO]

On or about May 19, 2020, in Orange County, within the Central District of California, defendant RANDY FERNANDO AQUINO knowingly and intentionally distributed at least 50 grams, that is, approximately 112.6 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE AND GOMEZ]

On or about October 27, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and JESUS RAMIRO GOMEZ, aka "Hunter," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 109.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and KEICHOUR]

On or about November 17, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and AHMED YEHIA KEICHOUR, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 438 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT KEICHOUR]

On or about December 8, 2020, in Orange County, within the Central District of California, defendant AHMED YEHIA KEICHOUR knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 3,934 grams of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT DELEON]

On or about December 8, 2020, in Orange County, within the Central District of California, defendant BREANNA LORRAINE DELEON knowingly and intentionally possessed with intent to distribute approximately 460 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and ESCALANTE]

On or about January 19, 2021, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and FILIBERTO ESCALANTE, aka "Angel," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 65.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and ESCALANTE]

On or about February 2, 2021, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and FILIBERTO ESCALANTE, aka "Angel," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 426.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS KEICHOUR and LOPEZ MORALES]

On or about February 2, 2021, in Orange County, within the Central District of California, defendants AHMED YEHIA KEICHOUR and EDUARDO DANIEL LOPEZ MORALES, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 452.2 grams, of methamphetamine, a Schedule II controlled substance.

1                              COUNT FIFTEEN

2                           [18 U.S.C. § 371]

3      [DEFENDANTS AMORDE, AQUINO, KEICHOUR, ESCALANTE, and CASTILLO]

4  A.    INTRODUCTORY ALLEGATION

5          At times relevant to this First Superseding Indictment, neither

6  defendants SPENCER EVAN AMORDE, aka "Mr. Queso," RANDY FERNANDO

7  AQUINO, AHMED YEHIA KEICHOUR, FILIBERTO ESCALANTE, aka "Angel," and

8  ARMANDO CALDERON CASTILLO, nor any other co-conspirator had a federal

9  firearms license issued by the United States Bureau of Alcohol,

10 Tobacco, Firearms, and Explosives, and thus no participant in the

11 conspiracy charged in this count was licensed to import, manufacture,

12 or deal in firearms.

13 B.    OBJECT OF THE CONSPIRACY

14         Beginning on a date unknown to the Grand Jury, and continuing

15 until at least on or about March 3, 2021, in Orange County, within

16 the Central District of California, and elsewhere, defendants AMORDE,

17 AQUINO, KEICHOUR, ESCALANTE, and CASTILLO conspired with others known

18 and unknown to the Grand Jury to engage in the business of dealing in

19 firearms without a license, in violation of Title 18, United States

20 Code, Section 922(a)(1)(A), and sell firearms to a prohibited person,

21 in violation of Title 18, United States Code, Section 922(d).

22 C.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

23        ACCOMPLISHED

24         The objects of the conspiracy were to be accomplished, in

25 substance, as follows:

26         1.    Defendants AMORDE, AQUINO, KEICHOUR, ESCALANTE, and

27 CASTILLO would arrange to sell firearms to customers, including

28

                                    20

1  firearms bearing no legitimate manufacturer's mark or serial number
2  (commonly referred to as "ghost guns").

3      2.   Defendant AMORDE would coordinate with defendants AQUINO,
4  KEICHOUR, ESCALANTE, and CASTILLO to obtain additional firearms for
5  sale.

6      3.   Defendants AQUINO, KEICHOUR, ESCALANTE, and CASTILLO would
7  sell the firearms to customers, including to a customer who they knew
8  was a felon prohibited from possessing firearms.

9      4.   Defendant AMORDE would receive a fee for brokering the
10 firearms sales.

11 D.   OVERT ACTS

12     On or about the following dates, in furtherance of the
13 conspiracy and to accomplish the object of the conspiracy, defendants
14 AMORDE, AQUINO, KEICHOUR, ESCALANTE, and CASTILLO, and others known
15 and unknown to the Grand Jury, committed various overt acts within
16 the Central District of California, and elsewhere, including, but not
17 limited to, the following:

18 **April 30, 2020 Sale of a Firearm, Ammunition and Methamphetamine**

19     Overt Act No. 1:   On or about April 26, 2020, defendant AMORDE
20 arranged for a source, defendant AQUINO, to sell a firearm to a
21 person he believed was a firearms customer, but who was, in fact, an
22 undercover law enforcement officer (the "UC").

23     Overt Act No. 2:   On or about April 30, 2020, defendant AQUINO
24 met with the UC and sold him a 9mm caliber pistol, bearing no serial
25 number, 21 rounds of 9mm caliber ammunition, and approximately 294.7
26 grams of methamphetamine, in exchange for $3,100.

27

28

**May 19, 2020 Sale of Six Firearms and Ammunition and Methamphetamine**

Overt Act No. 3:   Between on or about May 4, 2020 and on or about May 19, 2020, defendant AQUINO arranged to sell additional firearms and ammunition to the UC.

Overt Act No. 4:   On or about May 19, 2020, defendant AQUINO sold the UC a tan and black AR-15-type 5.56mm caliber short-barreled rifle, bearing no serial number, three black AR-15-type 5.56mm caliber short-barreled rifles, each bearing no serial number, a Glock-type 9mm semi-automatic pistol, bearing no serial number, a Glock-type .40 caliber semi-automatic pistol, bearing no serial number, and approximately 112.6 grams of methamphetamine in exchange for $10,000.

**November 12, 2020 Sale of Two Firearms and Ammunition**

Overt Act No. 5:   Between on or about November 11, 2020 and on or about November 12, 2020, defendant AMORDE arranged for a source to sell additional firearms to a confidential informant ("CI-2") working with the UC.

Overt Act No. 6:   On or about November 12, 2020, defendant AMORDE arranged for the source, defendant KEICHOUR, to meet CI-2 and the UC at defendant AMORDE's residence to conduct the firearms transaction.

Overt Act No. 7:   On or about November 12, 2020, defendant KEICHOUR sold CI-2, knowing that CI-2 was a convicted felon, a .223 caliber, short-barreled semi-automatic rifle, bearing no serial number, a MasterPiece Arms, model MPA30, 9mm caliber pistol, bearing number B8966, and ammunition in exchange for $3,300.

<u>Overt Act No. 8:</u>   On or about November 12, 2020, defendant AMORDE accepted $300 from CI-2 for brokering the sale of the firearms and ammunition.

**November 17, 2020 Sale of Two Firearms and Methamphetamine**

<u>Overt Act No. 9:</u>   Between on or about November 12, 2020, and on or about November 17, 2020, defendant KEICHOUR agreed to sell CI-2 additional firearms.

<u>Overt Act No. 10:</u>   On or about November 17, 2020, defendant AMORDE allowed defendant KEICHOUR to meet CI-2 and the UC at defendant AMORDE's residence to conduct the firearms transaction.

<u>Overt Act No. 11:</u>   On or about November 17, 2020, defendant KEICHOUR sold CI-2, knowing that CI-2 was a convicted felon, an AR-15-type, 5.56mm caliber, short-barreled semi-automatic rifle, bearing no serial number, a Glock-type, 9mm caliber semi-automatic pistol, bearing no serial number, and approximately 438 grams of methamphetamine, in exchange for $4,650.

**November 17, 2020 Sale of a Firearm**

<u>Overt Act No. 12:</u>   Between on or about November 12, 2020 and on or about November 17, 2020, defendant AMORDE arranged to sell additional firearms to CI-2.

<u>Overt Act No. 13:</u>   On or about November 17, 2020, defendant AMORDE allowed defendant ESCALANTE to meet CI-2 and the UC at defendant AMORDE's residence to conduct the firearms transaction.

<u>Overt Act No. 14:</u>   On or about November 17, 2020, defendant ESCALANTE sold CI-2, knowing that CI-2 was a convicted felon, a black Glock-type, 9mm caliber pistol with a tan magazine, bearing no serial number, in exchange for $1,000.

  <u>Overt Act No. 15:</u> On or about November 17, 2020, defendant AMORDE accepted $300 from CI-2 for brokering the sale of firearms from defendants KEICHOUR and ESCALANTE.

**November 19, 2020 Sale of a Firearm**

  <u>Overt Act No. 16:</u> On or about November 18, 2020, defendant KEICHOUR arranged to sell an additional firearm to CI-2.

  <u>Overt Act No. 17:</u> On or about November 19, 2020, defendant AMORDE allowed defendant KEICHOUR to meet CI-2 and the UC at defendant AMORDE's residence to conduct the firearm transaction.

  <u>Overt Act No. 18:</u> On or about November 19, 2020, defendant KEICHOUR sold CI-2, knowing that CI-2 was a convicted felon, an AR-15-type, 5.56mm caliber short-barreled rifle, bearing no serial number, in exchange for $1,300.

  <u>Overt Act No. 19:</u> On or about November 19, 2020, defendant AMORDE accepted $200 from CI-2 for brokering the sale of firearms from defendants KEICHOUR and CASTILLO.

**November 19, 2020 Sale of Firearms**

  <u>Overt Act No. 20:</u> On or about November 19, 2020, defendant AMORDE sent CI-2 via text message three photos of firearms and indicated the price was $2,900.

  <u>Overt Act No. 21:</u> On or about November 19, 2020, defendant AMORDE provided CI-2 with a phone number to facilitate CI-2 arranging the purchase of firearms from defendant CASTILLO.

  <u>Overt Act No. 22:</u> On or about November 19, 2020, defendant CASTILLO sold CI-2, knowing that CI-2 was a convicted felon, an Industria National De Armes, Model 1, .38 caliber revolver, bearing serial number 043166, and a Smith & Wesson, model 459, 9mm caliber

semi-automatic pistol, with an obliterated serial number, in exchange for $2,100.

**December 2, 2020 Sale of Firearms**

Overt Act No. 23:  Between on or about November 21, 2020 and on or about December 2, 2020, defendant KEICHOUR arranged to sell additional firearms to CI-2.

Overt Act No. 24:  On or about December 2, 2020, defendant KEICHOUR sold the UC an ABC Rifle Company, model ABC-15, 7.62mm caliber pistol, bearing serial number 771564, an AR-15-type, 5.56mm caliber pistol, bearing no serial number, and two AR-15-type, 5.56mm caliber short-barreled rifles, bearing no serial numbers, in exchange for $4,600.

**January 19, 2021 Sale of a Firearm and Methamphetamine**

Overt Act No. 25:  Between on or about December 14, 2020 and on or about January 19, 2021, defendant AMORDE arranged to broker the sale of additional firearms to CI-2.

Overt Act No. 26:  On or about January 19, 2021, defendant AMORDE allowed defendant ESCALANTE to meet CI-2 at defendant AMORDE's residence to conduct the firearm transaction.

Overt Act No. 27:  On or about January 19, 2021, defendant ESCALANTE sold CI-2, knowing that CI-2 was a convicted felon, a grey and black Glock-type 9mm caliber semi-automatic pistol, bearing no serial number, in exchange for $1,100, and approximately 65.5 grams of methamphetamine, in exchange for $860.

Overt Act No. 28:  On or about January 19, 2020, defendant AMORDE accepted $200 from CI-2 for brokering the sale of the firearm and methamphetamine.

25

**January 21, 2021 Sale of a Firearm**

Overt Act No. 29:   On or about January 18, 2021, defendant AMORDE arranged to broker the sale of additional firearms to CI-2 from defendant CASTILLO.

Overt Act No. 30:   On or about January 21, 2021, defendant CASTILLO sold CI-2, knowing that CI-2 was a convicted felon, an AR-15-type, .223/5.56mm caliber semi-automatic rifle, bearing no serial number, in exchange for $2,000.

**January 26, 2021 Sale of Two Firearms**

Overt Act No. 31:   Between on or about January 19, 2021 and January 26, 2021, defendant ESCALANTE arranged to sell additional firearms to CI-2.

Overt Act No. 32:   On January 26, 2021, defendant ESCALANTE sold CI-2, knowing that CI-2 was a convicted felon, a black Glock-type 9mm caliber pistol, bearing no serial number and a grey Glock-type 9mm caliber pistol, bearing no serial number, in exchange for $2,000.

COUNT SIXTEEN

[18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 2(a)]

[DEFENDANT AMORDE]

Beginning on or about April 30, 2020, and continuing until on or about February 9, 2021, in Orange County, within the Central District of California, defendant SPENCER EVAN AMORDE, aka "Mr. Queso," and others known to the Grand Jury, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARM(S) |
|------|-----------|
| April 30, 2020 | 9mm caliber semi-automatic pistol, bearing no serial number |
| November 12, 2020 | 1) a .223 caliber, short-barreled semi-automatic rifle, bearing no serial number; and<br><br>2) a MasterPiece Arms, model MPA30, 9mm caliber pistol, bearing number B8966. |
| November 17, 2020 | A black Glock-type 9mm caliber pistol with a tan magazine, bearing no serial number. |
| November 17, 2020 | 1) an AR-15-type, 5.56mm caliber, short-barreled semi-automatic rifle, bearing no serial number; and<br><br>2) a Glock-type, 9mm caliber semi-automatic pistol, bearing no serial number. |
| November 19, 2020 | an AR-15-type, 5.56mm caliber, short-barreled semiautomatic rifle, bearing no serial number |
| November 19, 2020 | 1) an Industria National De Armes, Model 1, .38 caliber revolver, bearing serial number 043166; and |

27

| DATE | FIREARM(S) |
|------|-----------|
| | 2) a Smith & Wesson, model 459, 9mm caliber semi-automatic pistol, with an obliterated serial number. |
| January 19, 2021 | A grey and black Glock-type 9mm caliber pistol, bearing no serial number. |
| January 21, 2021 | An AR-15-type, .223/5.56mm caliber semi-automatic rifle, bearing no serial number. |
| February 9, 2021 | A Polymer80 Glock-type 9mm caliber pistol, bearing no serial number. |

COUNT SEVENTEEN

[18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 2(a)]

[DEFENDANT AQUINO]

Beginning on or about April 30, 2020, and continuing until on or about May 19, 2020, in Orange County, within the Central District of California, defendant RANDY FERNANDO AQUINO, and others known to the Grand Jury, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| April 30, 2020 | 9mm caliber semi-automatic pistol, bearing no serial number |
| May 19, 2020 | 1) a tan and black AR-15-type 5.56mm caliber short-barreled rifle, bearing no serial number; <br><br> 2) three black AR-15-type 5.56mm caliber short-barreled rifles, each bearing no serial number; <br><br> 3) a Glock-type 9mm caliber semi-automatic pistol, bearing no serial number; and <br><br> 4) a Glock-type .40 caliber semi-automatic pistol bearing no serial number. |

COUNT EIGHTEEN

[18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 2(a)]

[DEFENDANT KEICHOUR]

Beginning on or about November 11, 2020, and continuing until on or about December 2, 2020, in Orange County, within the Central District of California, defendant AHMED YEHIA KEICHOUR, and others known to the Grand Jury, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARM(S) |
| --- | --- |
| November 12, 2020 | 1) a .223 caliber, short-barreled semi-automatic rifle, bearing no serial number; and<br><br>2) a MasterPiece Arms, model MPA30, 9mm caliber pistol, bearing number B8966. |
| November 17, 2020 | 1) an AR-15-type, 5.56mm caliber, short-barreled semi-automatic rifle, bearing no serial number; and<br><br>2) a Glock-type, 9mm caliber semi-automatic pistol, bearing no serial number. |
| November 19, 2020 | an AR-15-type, 5.56mm caliber, short-barreled semiautomatic rifle, bearing no serial number |
| December 2, 2020 | 1) an ABC Rifle Company, model ABC-15, 7.62mm caliber pistol, bearing serial number 771564;<br><br>2) an AR-15-type, 5.56mm caliber pistol, bearing no serial number; and<br><br>3) two AR-15-type, 5.56mm caliber short-barreled rifles, bearing no serial numbers |

COUNT NINETEEN

[18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 2(a)]

[DEFENDANT ESCALANTE]

Beginning on or about November 17, 2020, and continuing until on or about January 26, 2021, in Orange County, within the Central District of California, defendant FILIBERTO ESCALANTE, aka "Angel," and others known to the Grand Jury, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARM(S) |
|------|------------|
| November 17, 2020 | A black Glock-type 9mm caliber pistol with a tan magazine, bearing no serial number. |
| January 19, 2021 | A grey and black Glock-type 9mm caliber pistol, bearing no serial number. |
| January 26, 2021 | 1) a black Glock-type 9mm caliber pistol, bearing no serial number; and 2) a grey Glock-type 9mm caliber pistol, bearing no serial number. |

COUNT TWENTY

[26 U.S.C. § 5861(d)]

[DEFENDANT SCANALIATO]

On or about April 7, 2020, in Orange County, within the Central District of California, defendant CAMERON JAMES SCANALIATO, aka "CrazyCam714," knowingly possessed a firearm, as defined in Title 26, United States Code, Section 5845(a), namely, a firearm silencer of unknown manufacturer, which defendant SCANALIATO knew to be a firearm and silencer, as defined in Title 26, United States Code Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24), and which had not been registered to defendant SCANALIATO in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT TWENTY-ONE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT AQUINO]

On or about April 30, 2020, in Orange County, within the Central District of California, defendant RANDY FERNANDO AQUINO knowingly possessed ammunition, namely, 21 rounds of Sellier and Bellot 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant AQUINO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.  Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377, and Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court for the State of California, County of Orange, Case Number 06HF1799, on or about January 9, 2007;

2.  Receiving Stolen Property, in violation of California Penal Code Section 496(a), Receiving Stolen Property, in violation of California Penal Code Section 496d(a), and Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Orange, Case Number 12NF2848, on or about September 14, 2012; and

3.  Vehicle Taking with a Prior Conviction, in violation of California Penal Code Sections 666.5 and 10851(a), in the Superior Court for the State of California, County of Orange, Case Number 15WF2367, on or about March 28, 2016.

COUNTS TWENTY-TWO THROUGH TWENTY-FIVE

[26 U.S.C. § 5861(d)]

[DEFENDANT AQUINO]

On or about May 19, 2020, in Orange County, within the Central District of California, defendant RANDY FERNANDO AQUINO knowingly possessed firearms, as set forth below, which defendant AQUINO knew to be firearms and short-barreled rifles, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendant AQUINO in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|---|---|
| TWENTY-TWO | an AR-15-type short-barreled rifle, bearing no serial number, with a barrel less than 16 inches in length |
| TWENTY-THREE | an AR-15-type short-barreled rifle, bearing no serial number, with a barrel less than 16 inches in length |
| TWENTY-FOUR | an AR-15-type short-barreled rifle, bearing no serial number, with a barrel less than 16 inches in length |
| TWENTY-FIVE | an AR-15-type short-barreled rifle, bearing no serial number, with a barrel less than 16 inches in length |

COUNT TWENTY-SIX

[18 U.S.C. § 922(g)(1)]

[DEFENDANT AQUINO]

On or about May 19, 2020, in Orange County, within the Central District of California, defendant RANDY FERNANDO AQUINO knowingly possessed ammunition, namely, eight rounds of Fiocchi .40 caliber ammunition, 50 rounds of Poongsan Corporation .40 caliber ammunition, and 50 rounds of Fiocchi USA .223 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant AQUINO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377, and Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court for the State of California, County of Orange, Case Number 06HF1799, on or about January 9, 2007;

2.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), Receiving Stolen Property, in violation of California Penal Code Section 496d(a), and Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Orange, Case Number 12NF2848, on or about September 14, 2012; and

3.    Vehicle Taking with a Prior Conviction, in violation of California Penal Code Sections 666.5 and 10851(a), in the Superior Court for the State of California, County of Orange, Case Number 15WF2367, on or about March 28, 2016.

COUNT TWENTY-SEVEN

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and KEICHOUR]

On or about November 12, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and AHMED YEHIA KEICHOUR, each aiding and abetting the other, knowingly sold firearms, namely, 1) a .223 caliber, short-barreled semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"); and 2) a MasterPiece Arms, model MPA30, 9mm caliber pistol, bearing serial number B8966, to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT TWENTY-EIGHT

[26 U.S.C. § 5861(d)]

[DEFENDANT KEICHOUR]

On or about November 12, 2020, in Orange County, within the Central District of California, defendant AHMED YEHIA KEICHOUR knowingly possessed a firearm, namely, a .223 caliber semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel less than 16 inches in length, which defendant KEICHOUR knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendant KEICHOUR in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT TWENTY-NINE

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and KEICHOUR]

On or about November 17, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and AHMED YEHIA KEICHOUR, each aiding and abetting the other, knowingly sold firearms, namely, an AR-15-type 5.56mm caliber semi-automatic rifle of unknown manufacturer, bearing no serial number, and a Glock-type 9mm caliber semi-automatic pistol of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT THIRTY

[26 U.S.C. § 5861(d)]

[DEFENDANT KEICHOUR]

On or about November 17, 2020, in Orange County, within the Central District of California, defendant AHMED YEHIA KEICHOUR knowingly possessed a firearm, namely, an AR-15-type 5.56mm caliber semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel less than 16 inches in length, which defendant KEICHOUR knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendant KEICHOUR in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT THIRTY-ONE

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and ESCALANTE]

On or about November 17, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and FILIBERTO ESCALANTE, aka "Angel," each aiding and abetting the other, knowingly sold a firearm, namely, a black Glock-type 9mm pistol of unknown manufacturer with a tan magazine, bearing no serial number (commonly referred to as a "ghost gun"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT THIRTY-TWO

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and KEICHOUR]

On or about November 19, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and AHMED YEHIA KEICHOUR, each aiding and abetting the other, knowingly sold a firearm, namely, an AR-15-type 5.56mm caliber semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT THIRTY-THREE

[26 U.S.C. § 5861(d)]

[DEFENDANT KEICHOUR]

On or about November 19, 2020, in Orange County, within the Central District of California, defendant AHMED YEHIA KEICHOUR knowingly possessed a firearm, namely, an AR-15-type 5.56mm caliber semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel less than 16 inches in length, which defendant KEICHOUR knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendant KEICHOUR in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT THIRTY-FOUR

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and CASTILLO]

On or about November 19, 2020, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and ARMANDO CALDERON CASTILLO, each aiding and abetting the other, knowingly sold firearms, namely, an Industria National De Armes, Model 1, .38 caliber revolver, bearing serial number 043166, and a Smith & Wesson, model 459, 9mm caliber semi-automatic pistol, with an obliterated serial number, to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT THIRTY-FIVE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT CASTILLO]

On or about November 19, 2020, in Orange County, within the Central District of California, defendant ARMANDO CALDERON CASTILLO knowingly possessed firearms, namely, an Industria National De Armes, Model 1, .38 caliber revolver, bearing serial number 043166, and a Smith & Wesson, model 459, 9mm caliber semi-automatic pistol, with an obliterated serial number, each in and affecting interstate and foreign commerce.

Defendant CASTILLO possessed such firearms knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Second Degree Robbery, in violation of California Penal Code Sections 211 and 212.5(c), in the Superior Court for the State of California, County of Orange, Case Number 15CF2804, on or about November 8, 2016.

COUNT THIRTY-SIX AND THIRTY-SEVEN

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[DEFENDANTS KEICHOUR and AGUIRRE MORALES]

On or about December 2, 2020, in Orange County, within the Central District of California, defendants AHMED YEHIA KEICHOUR and LEONARDO MISAEL AGUIRRE MORALES, aka "Leo," each aiding and abetting the other, knowingly possessed firearms, as set forth below, which defendants KEICHOUR and AGUIRRE MORALES knew to be firearms and short-barreled rifles, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendants KEICHOUR and AGUIRRE in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
| --- | --- |
| THIRTY-SIX | an AR-15-type 5.56mm caliber rifle of unknown manufacturer, bearing no serial number, with a barrel less than 16 inches in length |
| THIRTY-SEVEN | an AR-15-type 5.56mm caliber rifle of unknown manufacturer, bearing no serial number, with a barrel less than 16 inches in length |

COUNT THIRTY-EIGHT

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS KEICHOUR and AGUIRRE MORALES]

On or about December 2, 2020, in Orange County, within the Central District of California, defendants AHMED YEHIA KEICHOUR and LEONARDO MISAEL AGUIRRE MORALES, aka "Leo," each aiding and abetting the other, knowingly sold a firearm, namely, an ABC Rifle Company, model ABC-15, 7.62mm caliber pistol, bearing serial number 771564, an AR-15-type, 5.56mm caliber pistol, bearing no serial number, and two AR-15-type, 5.56mm caliber short-barreled rifles, bearing no serial numbers (commonly referred to as "ghost guns"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT THIRTY-NINE

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS AMORDE and ESCALANTE]

On or about January 19, 2021, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and FILIBERTO ESCALANTE, aka "Angel," each aiding and abetting the other, knowingly sold a firearm, namely, a grey and black Glock-type 9mm caliber pistol of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT FORTY

[18 U.S.C. § 922(d)(1); 18 U.S.C. § 2(a)]

[DEFENDANT AMORDE and CASTILLO]

On or about January 21, 2021, in Orange County, within the Central District of California, defendants SPENCER EVAN AMORDE, aka "Mr. Queso," and ARMANDO CALDERON CASTILLO, each aiding and abetting the other, knowingly sold a firearm, namely, an AR-15-type, .223/5.56mm caliber semi-automatic rifle of unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COUNT FORTY-ONE

[18 U.S.C. § 922(d)(1)]

[DEFENDANT ESCALANTE]

On or about January 26, 2021, in Orange County, within the Central District of California, defendant FILIBERTO ESCALANTE, aka "Angel," knowingly sold firearms, namely, a black Glock-type 9mm caliber pistol of unknown manufacturer, bearing no serial number, and a grey Glock-type 9mm caliber pistol of unknown manufacturer, bearing no serial number (both commonly referred to as "ghost guns"), to a confidential informant working with law enforcement ("CI-2"), knowing and having reasonable cause to believe that CI-2 had been convicted of a crime punishable by imprisonment for a term exceeding one year.

1                           COUNT FORTY-TWO

2                       [18 U.S.C. § 922(g)(5)(A)]

3                       [DEFENDANT MENDOZA-RUEDA]

4         On or about February 9, 2021, in Orange County, within the

5    Central District of California, defendant MARCO ANTONIO MENDOZA-

6    RUEDA, aka "Tony Rueda," who was then an alien illegally and

7    unlawfully in the United States, knowingly possessed ammunition,

8    namely, 45 rounds of Federal Cartridge Company 9mm caliber

9    ammunition, one round of Sellier & Bellot 9mm caliber ammunition, and

10   one round of Winchester 9mm caliber ammunition, in and affecting

11   interstate and foreign commerce.

12

13                                   A TRUE BILL

14

15                                   _____/S/_____
                                     Foreperson

16

17   TRACY L. WILKISON
     Acting United States Attorney

18

19   *Brandon Fox*

20   BRANDON D. FOX
     Assistant United States Attorney

21   Chief, Criminal Division

22   BENJAMIN R. BARRON
     Assistant United States Attorney

23   Chief, Santa Ana Branch Office

24   VIBHAV MITTAL
     Assistant United States Attorney

25   Deputy Chief, Santa Ana Branch
     Office

26

27   ANNE C. GANNON
     Assistant United States Attorney

28   Santa Ana Branch Office